IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH GONZALEZ, § § *Plaintiff* § § vs. § § THE DOW CHEMICAL COMPANY, § § *Defendant* § | CIVIL ACTION NO. 4:24-CV-5049 JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Joseph Gonzalez ("Gonzalez") files this Original Complaint against The Dow Chemical Company ("Dow") and would show as follows:

## THE PARTIES

1.   Plaintiff Joseph Gonzalez is an individual residing in Harris County, Texas.

2.   Defendant The Dow Chemical Company is a foreign for-profit corporation. Dow may be served with process by serving its registered agent CT Corp. Systems at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

3.   Federal Question jurisdiction over Plaintiff's Title VII and FMLA claims is conferred on this Court by 28 U.S.C. § 1331 because this action arises under federal law, namely Title VII and FMLA. The Court also has supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367. The Court also has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

4.   The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful

employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendant in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## CONDITIONS PRECEDENT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission. The EEOC mailed Plaintiff a right-to-sue letter giving Plaintiff ninety days to file suit. Plaintiff has filed this lawsuit within those 90 days.

6. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## BACKGROUND

7. Gonzalez was a long-term employee of Dow.

8. Gonzalez worked for Dow since 2014. He started as an Operator.

9. In 2018, Dow promoted Gonzalez to HR Operations Turnaround Coordinator.

10. In November 2021, Gonzalez was diagnosed with Stage IV colon cancer.

11. In December 2021, Gonzalez underwent surgery for gastrointestinal perforation. A Ostomy bag was installed, and he began chemotherapy.

12. Gonzalez would continue to work while undergoing cancer treatment.

13. In April 2023, while continuing to battle cancer that had now metastasized to his liver, Gonzalez's boss, Wargo, told him that Dow would soon be laying people off.

14. Wargo told Gonzalez that his position was being eliminated.

15. Wargo claimed that Gonzalez's termination was not performance based but that Gonzalez was behind the curve due to his cancer.

16. In May 2023, Wargo again told Gonzalez that he was being terminated because of his cancer.

17. Gonzalez would later learn that his position was had not been eliminated. Instead of eliminating Gonzalez's position, Dow placed Clint Davis, a nondisabled employee, into the position.

18. During all times relevant to this lawsuit, Gonzalez was in need of various accommodations and FMLA leave.

19. To date, Gonzalez has applied to numerous positions within Dow that Gonzalez is qualified for, but Dow refuses to place him into any of these positions without explanation.

## CAUSES OF ACTION

### Cause 1: Disability Discrimination

20. Each and every allegation contained above is realleged as if fully written herein.

21. Defendant, by and through its agents and employees, engaged in unlawful disability discrimination.

22. The actions set forth above, as well as other facts that will be developed through discovery, violate the law.

23. Defendant wrongfully discharged Plaintiff or at least refused to permit him to return to work.

24. Plaintiff has suffered damages as a result of the disability discrimination, and seeks all relief allowed by law.

25. Defendant engaged in the discrimination and/or the unlawful employment practices described above with malice and/or with reckless indifference to the statutorily-protected rights of Plaintiff.

## Cause 2: Retaliation

26. Each and every allegation contained above is realleged as if fully written herein.

27. Gonzalez engaged in protected activity on numerous occasions including when he requested accommodations.

28. Defendant, by and through its agents and employees, retaliated against Gonzalez for requesting accommodations and/or requesting.

29. Defendant engaged in the discrimination and/or the unlawful employment practices described above with malice and/or with reckless indifference to the statutorily-protected rights of Plaintiff.

## Cause 3: FMLA Interference (Alternative Claim)

30. Each and every allegation contained above is realleged as if fully written herein.

31. Per the FMLA, Gonzalez was entitled to FMLA leave to care for himself to address his own serious health condition.

32. Defendant, by and through its agents and employees, interfered with Gonzalez's entitlement to FMLA leave.

33. Defendant did not give Gonzalez all the FMLA leave he was entitled.

34. Defendant would interfere with Gonzalez's FMLA leave by making him when he should not have been. For example, Defendant required Gonzalez to work at times from his hospital bed.

35. Defendant's decision to terminate Gonzalez was motivated by issues related to FMLA leave.

## Cause 4: FMLA Retaliation and Discrimination (Alternative Claim)

36. Each and every allegation contained above is realleged as if fully written herein.

37. Per the FMLA, Defendant was prohibited from retaliating and discriminating against an employee for taking or needing FMLA leave.

38. Gonzalez was protected under the FMLA.

39. Gonzalez was treated less favorably than others who had not requested FMLA leave.

40. Defendant, by and through its agents and employees, retaliated and/or discriminated against Gonzalez for issues that should have been protected as FMLA leave.

41. Defendant's decision to terminate Gonzalez was motivated by issues related to FMLA leave.

## PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES

42. Plaintiff would show that the acts and omissions of the Defendant were intentional, or were willful and malicious, or were in heedless and reckless disregard for the rights of Plaintiff and showed such utter and callous indifference and conscious disregard of the rights of Plaintiff as to constitute malice or gross negligence and be a proximate cause of the resulting damages and injuries sustained by Plaintiff. Further, Defendant's actions in terminating Plaintiff indicate malice towards Plaintiff and Defendant should be punished by an award of punitive damages. Thus, Plaintiff is entitled to recover punitive damages against Defendant because they acted with malice or, at least, with reckless and/or conscious indifference as contemplated by Section 21.2585 of the Texas Labor Code, Title VII, and 42 U.S. Code § 1981a.

## ATTORNEY'S FEES

43. Each and every allegation contained above is realleged as if fully written herein.

44. Cerda is entitled to recover attorney's fees and costs for bringing this action.

## JURY DEMAND

45. Plaintiff makes a formal demand for a jury trial in this matter.

## **PRAYER**

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Back pay wages;

b. Front pay wages;

c. Liquidated damages;

d. Compensatory damages;

e. Punitive damages;

f. Pre-judgment and post-judgment interest;

g. Court costs;

h. Reasonable attorneys' fees; and

i. All other relief to which Plaintiff show themselves to be entitled.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By: /s/ Clayton D. Craighead
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF